# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : Hon. James B. Clark, III |
| | : |
| v. | : Magistrate No. 18-3152 (JBC) |
| | : |
| FRANCISCO LARGO-RAMIREZ, | : **CRIMINAL COMPLAINT** |
| a/k/a "Javier Gomez," | : |
| a/k/a "Francisco Largo," | : |
| a/k/a "Francisco Javier," | : |
| a/k/a "Andre Vega" | : |

I, Ian Patel, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief:

## SEE ATTACHMENT A

I further state that I am a Deportation Officer with the United States Department of Homeland Security, Immigration and Customs Enforcement, and that this complaint is based on the following facts:

## SEE ATTACHMENT B

_____
Ian Patel
Deportation Officer
Immigration and Customs Enforcement
U.S. Department of Homeland Security

Sworn to before me and subscribed in my presence,
July 11, 2018 Newark, New Jersey

_____
HONORABLE JAMES B. CLARK, III          Signature of Judicial Officer
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

On a date on or after December 27, 2011, and on or before June 7, 2018, in Union County, in the District of New Jersey, and elsewhere, the defendant,

**FRANCISCO LARGO-RAMIREZ,**
a/k/a "Javier Gomez,"
a/k/a "Francisco Largo,"
a/k/a "Francisco Javier,"
a/k/a "Andre Vega,"

being an alien, and on or about March 17, 2008, having been convicted in the Superior Court of New Jersey, Union County, for Manufacturing, Distributing, and Dispensing Heroin, in the first degree, in violation of Section 2C:35-5(b)(1) of the New Jersey Code of Criminal Justice, an aggravated felony, and thereafter having been deported and removed and having departed from the United States while an order of deportation was outstanding, did knowingly and voluntarily enter, attempt to enter, and was found in the United States without the Attorney General or the Secretary of Homeland Security expressly consenting to the defendant's re-applying for admission to the United States prior to his re-embarkation at a place outside the United States.

In violation of Title 8, United States Code, Sections 1326(a) and 1326(b)(2).

## ATTACHMENT B

I, Ian Patel, am a Deportation Officer with the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and items of evidence. Where statements of others are related herein, they are related in substance and part. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1.  The defendant, FRANCISCO LARGO-RAMIREZ, a/k/a "Javier Gomez," a/k/a "Francisco Largo," a/k/a "Francisco Javier," a/k/a "Andre Vega" (the "Defendant"), is a citizen of the Colombia, and he neither is a citizen nor a national of the United States.

2.  On or about November 22, 2007, the Defendant was arrested by law enforcement in Elizabeth, New Jersey, for committing various drug related offenses, including but not limited to, Manufacturing, Distributing, Dispensing Heroin, in violation of 2C:35-5(b)(1) of the New Jersey Code of Criminal Justice.

3.  On or about March 17, 2008, the Defendant pled guilty in the Superior Court of New Jersey, Union County, to Manufacturing, Distributing, Dispensing Heroin, in violation of 2C:35-5(b)(1) of the New Jersey Code of Criminal Justice New Jersey Code of Criminal Justice, and was subsequently sentenced to nine years' imprisonment, the circumstance of which offense constitute an aggravated felony under Title 8, United States Code, Section 1101(a)(43)(B).

4.  Thereafter, on or about May 18, 2010, the Defendant was ordered removed from the United States to the Colombia by an Immigration Judge sitting in Elizabeth, New Jersey.

5.  On or about December 27, 2011, the Defendant was removed from the United States. Shortly before his removal from the United States on or about December 27, 2011, an official from the ICE took a fingerprint from the Defendant.

6.  At some point after his December 27, 2011 removal, the Defendant re-entered the United States without permission from either the Attorney General or the Secretary of Homeland Security.

7.  On or about June 7, 2018, the Defendant was arrested by ICE in Linden, New Jersey.

8.   A fingerprint taken from the Defendant pursuant to his arrest for manufacturing, distributing, dispensing heroin was compared to his December 2011 deportation records and the June 7, 2018 fingerprints that were taken after he entered ICE's custody. All the fingerprints were found to be identical.

9.   Prior to the Defendant's reentry into the United States, neither the Attorney General nor the Secretary of Homeland Security consented to the Defendant re-entering the United States. The Defendant also did not receive a waiver allowing him to re-enter the United States.